[No. 2,751.]

EDWIN F. CHILD AND CYRUS W. JONES *v.* HENRY
HUGG.

CONFLICT OF EVIDENCE.—If the testimony is conflicting, the judgment will
not be disturbed on the ground that it is not warranted by the evidence.

RATIFICATION OF A SALE MADE BY A PLEDGEE.—If a sale of mining
stock, pledged as security for money, is made without notifying the pledgor
to make his margin good, and without sufficient notice of time and place,
still, if the pledgor knew of the time and place of sale, and made no objec-
tion, and after the sale approved of. it, and promised to pay a balance
claimed by the pledgee, he by these acts ratifies the sale.

SALE BY PLEDGEE AT AUCTION.—The question whether a sale of mining
stock made in the Board of Brokers is not a sale at public auction, such as
a pledgee is authorized to make upon default being made by the pledgor,
not decided.

APPEAL from the District Court of the Twelfth Judicial
District, City and County of San Francisco.

This action was brought to recover three thousand five
hundred and fifty-one dollars and thirty-nine cents for stock
purchased for defendant, and commissions and advances, and
cash loaned to him by plaintiffs, as brokers. The defendant
set up in his answer, by way of counter claim, that for the
payment of the indebtedness he pledged as security one
hundred shares of the stock of the Bullion Mining Com-
pany, and that the plaintiffs sold the · same without his
authority or permission, and that after the sale the shares
were worth thirteen thousand dollars. The testimony showed

that the plaintiffs had the stock in pledge, and sold the same in the Board of Brokers for one thousand one hundred and fifty-two dollars and fifty cents, on the 14th or 15th of September, 1866. The testimony further tended to show that before the suit was brought the Bullion mining stock sold as high as one hundred and sixty dollars per share. The Court below gave judgment for the plaintiffs for the sum claimed, and the defendant appealed.

The other facts are stated in the opinion.

*Henry E. Highton,* for Appellant.

The sale was invalid, because the appellant was not notified to make his margin good, nor of time or place of sale. (*Markham* v. *Jaudon,* 41 N. Y. [2 Hand.] 239.)

*J. W. Winans,* for Respondents.

The question of notice does not arise. The defendant ratified the sale after it was made.

By the Court, TEMPLE, J.:

This appeal presents only a case of conflicting evidence. The testimony of the plaintiffs is sufficiently positive that the account presented to the defendant was acceded to by him, and the finding of the Court supports that view. It may be admitted that defendant was entitled to notice to make his margin good before the stock which was pledged could be sold; also, that the notice of the time and place of sale was insufficient. Still, if the evidence of plaintiffs is to be taken as true, defendant did know in advance of the contemplated sale, and of the time and place, and made no objection, and that after the sale he was presented an account, in which he was credited the amount received at the sale; that, knowing all the facts, he admitted the correctness of the account, and even approved of the sale, and

repeatedly afterward promised to pay the balance claimed
to be due; that he never, on any occasion prior to the bring-
ing of the suit, objected to the correctness of the account,
or to the sale, on account of want of notice, or for any other
reason.   If this testimony be true, it is sufficient to sustain
the finding that the sale had been ratified by the defendant,
and we do not feel at liberty to disturb the finding of the
Court on that point.

For the same reason, it is not necessary to consider the
point made that a sale in the Board of Brokers, where the
general public are not at liberty to bid, is not a sale at public
auction, such as a pledgee of stock is authorized to make
upon default being made by the pledgor.

Judgment and order affirmed.